UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIRST PRESTON MANAGEMENT, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:08-CV-0690-G |
| AFR & ASSOCIATES, INC., | ) ) | **ECF** |
| Defendant. | ) ) | |

# MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant AFR & Associates, Inc. ("AFR" or "the defendant") to transfer venue to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1404(a). For the reasons discussed below, the motion is denied.

## I. BACKGROUND

First Preston Management, Inc. ("First Preston" or "the plaintiff") is a real estate advisory, management, marketing, and outreach services firm. Plaintiff's Response in Opposition to Defendant's Motion to Transfer Venue ("Response") at 2. AFR is a project management, consulting and advisory services firm located in

Atlanta, Georgia.  Defendant AFR & Associates, Inc.'s Motion to Transfer Venue & Brief in Support ("Motion to Transfer") at 1.  First Preston is a Texas corporation with its principal place of business and headquarters in Dallas County, Texas.  Response at 2.  AFR is a Delaware Corporation with its principal place of business in Orlando, Florida.  *Id.* at 2-3.  On June 4, 2004, the United States Department of Housing & Urban Development ("HUD") awarded AFR a contract to manage and provide marketing services for HUD properties located in Georgia.  Motion to Transfer at 3.  On July 30, 2004, AFR and the plaintiff executed a subcontract agreement in which First Preston agreed to provide AFR certain essential services under the prime contract.  First Preston agreed to handle, among other things, mortgagee compliance, marketing and closing duties, and accounting.  *Id.* at 3-4.  The plaintiff carried out most of these duties in Atlanta, Georgia and still maintains an office in Marietta, Georgia.  *Id.* at 4.

AFR paid First Preston for its services with the money it received from HUD under the prime contract.  *Id.*  The prime contract contained four one-year option periods.  *Id.* at 5.  After two years, HUD did not renew for a third.  *Id.*  After HUD terminated the prime contract, First Preston demanded $1,056,764.98 from AFR for unreimbursed expenses and as compensation for properties that First Preston listed but never sold.  *Id.* at 6. After several demands, the plaintiff eventually filed this suit against AFR in Dallas, Texas.  *Id*.  First Preston chose this venue pursuant to a forum

selection clause contained in the subcontract between First Preston and AFR. This clause stated, "In the event of a dispute hereunder which cannot be resolved by the parties, such dispute shall be first submitted to mediation with a mutually agreed mediator in Dallas, Texas. If mediation is not successful, then suit may be commenced only in Dallas County, Texas." Response at 3-4. AFR contends that the clause is not controlling and that the convenience of both parties would be served if the case were transferred to the Northern District of Georgia. Motion to Transfer at 9-10. Although neither of the parties resides there, AFR points out that all of the properties for which plaintiff seeks compensation are located in Geogia. *Id.* at 17. In addition, all of the expenses for which First Preston seeks reimbursement were incurred in connection with properties in Georgia. *Id.* Finally, AFR asserts, nearly all the key witnesses reside in, or are closer to, Georgia. *Id.*

## II. ANALYSIS

### A. The Section 1404(a) Standard

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) "is to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense. . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Company v. Barge*

*FBL-585*, 364 U.S. 19, 26-27 (1960)). The decision to transfer a pending case is committed to the sound discretion of the district court. *Jarvis Christian College v. Exxon Corporation*, 845 F.2d 523, 528 (5th Cir. 1988). The right to transfer under § 1404(a) is available to plaintiffs as well as defendants. See *Farmers Brothers Company v. Coca-Cola Company, Inc.*, 366 F. Supp. 725, 726 (S.D. Tex. 1973).

In *Stewart Organization, Inc. v. Ricoh Corporation*, 487 U.S. 22 (1988), the Supreme Court set forth the proper analysis for a court considering a section 1404(a) motion to transfer based upon an exclusive forum-selection clause. The Court stated that

> Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." . . . A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors. The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus.

487 U.S. at 29 (internal citation omitted).

While the Court in *Stewart Organization* ruled that district courts have broader discretion to refuse to enforce a valid forum-selection clause than had previously been exercised under the precedent of *The Bremen v. Zapata Off-Shore Company*, 407 U.S. 1 (1972), the Court did not intend to disturb the general rule that forum-selection clauses are regularly enforced. *Id.* The Fifth Circuit is in accord with this view. See

*Mitsui & Company (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997) (holding that in order to overcome the presumptive validity of a forum-selection clause, the party challenging it has the heavy burden of demonstrating that enforcement of the clause would be unreasonable under the circumstances). In general, a court will find it unreasonable to enforce a forum-selection clause that is the product of fraud or overreaching, violates public policy, or effectively deprives a party of its day in court. *Id.*

In deciding whether to grant transfer, the court should consider (1) the convenience of the parties, (2) the convenience of material witnesses, (3) the availability of process to compel the presence of unwilling witnesses, (4) the cost of obtaining the presence of witnesses, (5) the relative ease of access to sources of proof, (6) calender congestion, (7) where the events in issue took place, and (8) the interests of justice in general. *Gundle Lining Construction Corporation v. Fireman's Fund Insurance Company*, 844 F.Supp. 1163, 1165 (S.D. Tex. 1994). The court must determine whether the forum-selection clause in this dispute is enforceable with reference to these factors. *Stewart Organization*, 487 U.S. at 29-31.

### B. The Eight Factors

#### 1. *Factor (8): The Interest of Justice*

As an initial matter, the court notes that it must generally indulge a presumption in favor of the plaintiff's choice of forum. See, *e.g., Continental Airlines,*

*Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395 (S.D. Tex. 1992). First Preston filed suit in this court. There is thus a presumption in favor of this forum over any other. *Id.* In addition to this presumption, there is another factor weighing against a transfer: the forum-selection clause.

The law is clear that a forum-selection clause in a written contract is *prima facie* valid and enforceable. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589-95 (1991); *Mitsui & Company*, 111 F.3d at 35; *Gundle Lining Construction Corporation v. Adams County Asphalt, Inc.*, 85 F.3d 201, 206 (5th Cir. 1996); *Kevlin Services, Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995); *Tjontveit v. Den Norske Bank ASA*, 997 F.Supp. 799, 805 (S.D. Tex. 1998) ("[T]he Supreme Court has consistently held forum-selection . . . clauses presumptively valid.") (quoting *Mitsui & Company*, 111 F.3d at 35). AFR has not challenged the validity of the forum-selection clause. Response at 7. Thus, to prevail on its motion to transfer, AFR must show that the balance of convenience and justice weighs heavily in favor of transfer. *Gundle*, 844 F.Supp. at 1165; *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (the party resisting enforcement of a forum-selection clause on the grounds of convenience and justice bears a "heavy burden of proof"), *cert. denied*, 523 U.S. 1072 (1998); *Weiss v. Columbia Pictures Television, Inc.*, 801 F.Supp. 1276, 1278 (S.D.N.Y. 1992) (noting that "once a mandatory choice of forum clause is deemed valid, the burden shifts to the plaintiff to demonstrate exceptional facts explaining why [it]

should be relieved from [its] contractual duty."). This case law demonstrates that where, as here, the parties have bargained for and agreed on a particular forum, the interest of justice weighs in favor of maintaining that forum.

2. *Factors (2), (3), and (4): Witness Testimony*

AFR contends that the vast majority of its witnesses live in Atlanta and would be inconvenienced by traveling to Dallas. Motion to Transfer at 13-15. AFR lists fourteen witnesses, all of whom either reside in Georgia, or somewhere that is closer to Georgia than to Dallas. *Id.* at 8-9. Of these fourteen witnesses, five have circumstances that make it difficult for them to travel. Anthony and Sandra Richardson, who own AFR and currently reside in Orlando, will be inconvenienced by having to fly to Texas rather than drive to Atlanta. *Id.* at 14. They claim that they prefer to travel by car and that the 1,100 mile distance between Dallas and Orlando is significantly more burdensome than driving the 450 miles from Orlando to Atlanta. *Id.* Moreover, the Richardsons keep a home in Atlanta, making it more convenient for them to stay there than in Dallas. *Id.* Finally, both the Richardsons have serious health problems, including Type-II diabetes, making it more difficult for them to travel. *Id.* Another potential witness, Melvin Solomon, is unemployed and cannot afford to travel to Dallas. *Id.* at 14-15. Yolanda Sharpe, another central witness, is a recently divorced and unemployed mother of two who would also be inconvenienced by traveling to Dallas. *Id.* at 15. George Sirois is a 63-year-old diabetic with two

replacement hips which make it difficult for him to travel. *Id.* George Sirois is also important to the day-to-day business of running AFR. In fact, AFR asserts, its remaining business operations will "be severely crippled" if George Sirois is forced to travel to Dallas for this case. *Id.*

On the other side, First Preston lists five witnesses who have "direct, personal knowledge regarding the performance and termination of the subcontract." Response at 15. All of these witnesses reside in Dallas. *Id*. at 15-16. Furthermore, First Preston asserts that these witnesses are "all high-level officials within First Preston and they are indispensable to First Preston's ability to function on a daily basis." *Id.* at 16. As a result, if these witnesses are absent from Dallas for an extended period of time, it would be detrimental to First Preston's business. *Id.*

At first blush, the inconvenience of AFR's fourteen witnesses would appear to outweigh the inconvenience of First Preston's five. Not all prospective witnesses, however, are accorded equal weight. Where key witnesses are employees of the party seeking transfer, their convenience is entitled to less weight because that party will be able to compel their testimony at trial. *Frost v. ReliOn, Inc.*, 2007 WL 670550 at *4 (N.D. Tex. Mar. 2, 2007). Here, Sandra and Anthony Richardson, George Sirois, and Diane Crawford, four of AFR's fourteen prospective witnesses, are current AFR employees. Response at 12. Their convenience is therefore entitled to less weight. Tracie O'Toole Spinks, another witness on AFR's list, is an employee of First Preston.

First Preston is therefore able to compel her testimony at trial.  First Preston has offered to do so, entitling her inconvenience to less weight as well.  Response at 12.  Thus, the inconvenience of five of AFR's prospective witnesses is entitled to less weight.  All five of First Preston's prospective witnesses, however, are employees of First Preston.  First Preston can therefore compel their testimony at trial.  The convenience of all of the plaintiff's prospective witnesses is therefore entitled to less consideration as well.

On balance, this factor weighs slightly in favor of a transfer.  Both sides' witnesses will suffer some inconvenience, but AFR has listed more witnesses whom the suit will inconvenience if it proceeds in Dallas.  The tilt in favor of transfer is only slight, however.  AFR has asserted that only five of its prospective witnesses will be severely inconvenienced by travel.  Of these five, three are party witnesses whose convenience is entitled to less weight.  The remaining witnesses have not objected to traveling to Dallas and have stated no reason why they are unable to travel.  Thus, overall, only two of AFR's witnesses whose convenience enters heavily into the court's calculus will be severely inconvenienced by traveling to Dallas.  The court is reluctant to base a transfer on the fact that two witnesses will experience unusual inconvenience.  To do so would ignore the weight accorded to the plaintiff's choice of forum and to the forum-selection clause.  This factor tips the scales slightly in favor of

a transfer, but does not overcome the strong presumption in favor of enforcing the forum selection clause.

### 3. *Factor (1): Convenience of the Parties*

AFR contends that, because so many of its witnesses do not reside in Dallas and would have to travel there, it will be costly and burdensome to fly all those witnesses to Dallas. Motion to Transfer at 16-17. This court has observed that litigation is "usually inconvenient" for all parties involved, and cases should not be transferred where the only practical effect is to shift inconvenience from the moving party to the nonmoving party. *Scheble v. Davenport*, 2007 WL 1893364 at *3 (N.D. Tex. June 29, 2007) (citing *AdvanceMe, Inc. v. Rapidpay LLC*, 450 F. Supp. 2d 669, 675 (E.D. Tex. 2006) ("to the extent transfer would only serve to shift the burden of location . . . transfer is not appropriate")). Here, First Preston points out that it will be inconvenienced if the suit is transferred to Atlanta. Response at 9. First Preston resides in Dallas and will have to travel the nearly 800 miles from Dallas to Atlanta if the suit is transferred. Moreover, all of First Preston's key witnesses are located in Dallas, meaning First Preston will incur the same cost if it must fly its witnesses to Atlanta. Thus, were the court to transfer the suit to Atlanta, such a transfer would merely shift the burden of travel from AFR to First Preston. Even if the transfer would do more than merely shift the burden of travel from one party to another, "mere inconvenience and expense of travelling are not, standing alone, adequate

reasons to disturb the parties' contractual choice of forum." *Woolf v. Mary Kay Inc.*, 176 F. Supp.2d 642, 650 (N.D. Tex. 2001) (quoting *Weiss v. Columbia Pictures Television, Inc.*, 801 F. Supp. 1276, 1279 (S.D.N.Y. 1992)).  In *Woolf*, the plaintiff Woolf moved to transfer the case to a forum where her doctors and home were located, arguing it would be an injustice to deny her these conveniences. *Id.* This court refused such a transfer. The case at hand is similar. Though it may be slightly more inconvenient for AFR to conduct the suit in Dallas, "mere inconvenience and expense" are not enough to override the forum-selection clause. *Id.* Furthermore, "the convenience of the parties, given the preference expressed by them in the forum-selection clause, would presumably be better served if the case stayed in this forum." *Id*. In short, the parties have already agreed that this forum best suits the needs of both parties. In order for the court to ignore such an agreement, AFR must present a more compelling reason than mere inconvenience and expense of travel. The convenience of the parties does not weigh in favor of transfer.

### 4. *Factor (5): Ease of Access to Sources of Proof*

The next factor to consider is the ease of accessing evidence in each venue. However, due to increasing technological advances, this factor's importance has been significantly diminished. *Frost*, 2007 WL 670550 at *4. Thus, this factor does not affect the court's analysis and does not support a transfer.

### 5. *Factor (6): Calendar Congestion*

First Preston contends that the Northern District of Georgia has a slightly more congested docket than the Northern District of Texas. Response at 21. In fact, AFR's motion confirms that this is the case. Motion to Transfer at 19. The Northern District of Georgia has one less judgeship than the Northern District of Texas. *Id.* Moreover, there are a few hundred more cases in the Northern District of Georgia than in this court. *Id.* This factor weighs slightly against a transfer.

### 6. *Factor (7): Where the Events in Issue Took Place*

The next factor to consider is where the relevant events took place. AFR argues that the relevant events in this case took place in the Northern District of Georgia, because all the properties that were rehabilitated, listed and sold pursuant to the subcontract and prime contract are located in Georgia. Motion to Transfer at 18. First Preston asserts, however, that the subcontract agreement was "negotiated, executed, and performed in part by First Preston in Dallas County, Texas." Response at 21-22. It asserts that it performed accounting, mortgagee compliance, HomeTracker/BidSelect Systems, and oversight and executive management in Dallas. *Id.* at 22. In short, First Preston asserts that its headquarters are in Dallas and that any damages it suffered, as a result of the defendant's refusal to pay under the subcontract, occurred in Dallas. *Id.* Thus, while the actual properties are located in

Georgia, much of the oversight and many other relevant events took place in Dallas, Texas. This factor does not favor transfer.

### III. CONCLUSION

Having fully considered the evidence and argument of the parties in this case, the court concludes that AFR has not sustained its burden of showing that evenue should be changed. Therefore, the motion to transfer venue to the Northern District of Georgia is **DENIED**.

**SO ORDERED**.

December 5, 2008.

*[signature: A. Joe Fish]*

**A. JOE FISH**
**Senior United States District Judge**